# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHNATHAN ROCKEY,

        Petitioner,      :    Case No. 3:21-cv-026

  - vs -                           District Judge Michael J. Newman
                                   Magistrate Judge Michael R. Merz

WARDEN, Lebanon
  Correctional Institution,

                                   :
        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus action brought by Petitioner Johnathan Rockey with the assistance of counsel pursuant to 28 U.S.C. § 2254. It has been referred to the undersigned on filing pursuant to General Order Day 13-01 and is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases. That Rule states:

> [T]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

**Litigation History**

On November 6, 2017, a Clark County, Ohio, grand jury indicted Rockey on two counts of felonious assault in violation of Ohio Revised Code § 2903.11(A)(2), one count of obstructing

1

official business in violation of Ohio Revised Code § 2921.31(A); and one count of failure to comply with an order or a signal of a police officer in violation of Ohio Revised Code § 2921.331(B). The two counts of felonious assault included repeat violent offender specifications. *State v. Rockey*, 2019-Ohio-4101 ¶ 6 (Ohio App. 2nd Dist. Oct. 4, 2019), appellate jurisdiction declined, 2020-Ohio-122 (2020). At trial a jury acquitted Rockey on one count of felonious assault, but convicted him on the other three charges. *Id.* at ¶ 7. The trial court found Rockey to be a repeat violent offender under Ohio Revised Code §§ 2929.01(CC) and 2941.149, and sentenced him to terms in prison of eleven years on Count 2; one year on Count 3; three years on Count 4; and ten years on the repeat violent offender specification. *Id.* Pursuant to Ohio Revised Code § 2929.14(C)(4)(c), the court ordered that Rockey serve the terms consecutively. *Id.*

Rockey appealed to the Ohio Court of Appeals for the Second District, raising one assignment of error: "Appellant's sentence of maximum consecutive sentences is clearly and convincingly unsupported by the record." *Id.* at ¶ 9. Rockey had argued that the record did not support imposition of consecutive sentences under the relevant Ohio statute, Ohio Revised Code § 2929.14(C)(4). *Id.* at ¶ 10. The Second District found the relevant portion of that statute was § 2929.14(C)(4)(c) pursuant to which consecutive sentences are warranted if the "offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." *Id.* citing Transcript of Proceedings 12:15-13:21, Aug. 31, 2018.

With respect to most of Rockey's sentence, however, the Second District found consecutive sentencing was mandatory under Ohio law:

> [*P11] Three of the four prison terms to which the trial court sentenced Rockey, however, were subject to compulsory consecutive service, irrespective of the provisions of R.C. 2929.14(C)(4). Under R.C. 2929.14(B)(2)(b)(i)-(iii), a "court shall

impose * * * the longest prison term authorized or required for [a felony] and [further] shall impose * * * an additional[,] definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years," if the offender "is convicted of or pleads guilty to a specification of the type described in [R.C.] 2929.149"; if the offender was previously "convicted of or pleaded guilty" to two or more first-degree felonies that were offenses of violence "within the preceding twenty years"; and if the "offense or offenses [for] which the offender currently is being [sentenced]" is "any felony of the first degree that is an offense of violence * * *." See also R.C. 2901.01(A)(9) (defining "[o]ffense of violence"). Where an offender is sentenced to "an additional prison term imposed under [R.C.] 2929.14(B)(2)(a) or (b)," the offender "shall serve [the] additional * * * term * * * consecutively to and prior to the prison term imposed for the underlying offense."

 [*P12] With respect to Count 2 of the indictment, Rockey was convicted for committing felonious assault on a peace officer in violation of R.C. 2903.11(A)(2), a first degree felony that is an offense of violence. See R.C. 2901.01(A)(9) (defining "[o]ffense of violence") and 2903.11(D)(1)(a) (establishing that a violation of R.C. 2903.11(A) is a first degree felony if "the victim [of the offense] is a peace officer"). As a result, the trial court found Rockey to be a repeat violent offender pursuant to R.C. 2929.01(CC) and 2941.149, given that he had twice previously been convicted for felonious assault on a peace officer. Transcript of Proceedings 9:22-10:4 and 12:15-12:25. R.C. 2929.14(B)(2)(b) consequently mandated that the court "impose * * * the longest prison term authorized [by R.C. 2929.14(A)(1)]" for the offense of felonious assault, as well as a term of as many as 10 years for the repeat violent offender specification; in turn, R.C. 2929.14(B)(2)(d) directed the court to order that Rockey's service of the sentence for felonious assault be consecutive to his service of the sentence for the specification.

 [*P13] With respect to Count 4 of the indictment, Rockey was convicted for violating R.C. 2921.331(B) under the circumstances described in R.C. 2921.331(C)(5)(a)(ii)—that is, he was convicted for "caus[ing] a substantial risk of serious physical harm to persons or property" while "operat[ing] a motor vehicle so as willfully to elude or flee [from] a police officer after receiving a visible or audible signal" to stop. According to R.C. 2921.331(D), "[i]f an offender is sentenced pursuant to [R.C. 2921.331](C)(4) or (5) * * * for a violation of [R.C. 2921.331](B) * * *, and if the offender is sentenced to a prison term for that violation, [then] the offender shall serve the prison term consecutively to any other prison term or

3

mandatory prison term imposed upon the offender." The trial court sentenced Rockey to a prison term of three years for his violation of R.C. 2921.331(B), and the court was thereby obligated under R.C. 2921.331(D) to order that he serve the term consecutively to the other terms to which he was sentenced.

[*P14] Thus, the court had no authority but to order that Rockey's service of the term for felonious assault be consecutive to his service of the term for the repeat violent offender specification, and that his service of the term for failure to comply with an order or a signal of a police officer be consecutive to his service of both of the foregoing terms. The only term that Rockey could have been allowed to serve concurrently was the term imposed for obstructing official business.

*State v. Rockey, supra*.

The Second District framed the question presented on appeal as being whether the appellant has shown clearly and convincingly that the record fails to support the trial court's findings in support of consecutive sentencing. *Id.* at ¶ 15, citing *State v. Bonnell,* 140 Ohio St. 3d 209 (2014).

Having failed to obtain review by the Supreme Court of Ohio, Rockey timely[1] filed the instant habeas corpus Petition, pleading one ground for relief:

> **Ground One:** The 25 year sentence grossly misrepresents the facts presented to the jury in this matter.
>
> **Supporting Facts:** No one was injured in this matter. The officer testified that the Defendant attempted to injure the officer by directly the vehicle at the officer. The officer jumped out of the way. The jury found him guilty for the one count of felonious assault on a police officer but not the other count. As a result, the court sentenced Johnathan Rocke [sic] to 11 years on the felonious assault and 10 years for repeat offender. The trial court also sentenced him to 1 year for Obstructing Official Business and 3 years for Failure to Comply. All sentences were ordered to be served consecutively. See attached memorandums [sic].

---

[1] 28 U.S.C. § 2244(d) imposes a one-year limitations period on petitions under 28 U.S.C. § 2254 which runs from finality of the conviction on direct review. Finality of an Ohio conviction commences ninety days after judgment in the Supreme Court of Ohio when the time for seeking certiorari review by the Supreme Court of the United States expires. In this case the Supreme Court of Ohio declined review on January 21, 2020, and the instant Petition was filed January 19, 2021.

4

(Petition, ECF No. 1, PageID 6).

The referenced attached memorandum was plainly not newly composed for attachment to the Petition, but rather is a verbatim copy of the Memorandum in Support of Jurisdiction filed in the Supreme Court of Ohio.[2]  In that document, Rockey makes the following constitutional claims, without distinguishing whether they are made under the Ohio or federal Constitution:

> **One:** The Defendant should have a constitutional right to have a presentence investigation, especially when a defendant is facing years in prison as in the case within.
>
> **Two:** the offenses of Failure to Comply with the order or signal of police officer and Obstruction Office Business are offenses of similar import and should have been sentenced concurrently pursuant to R. C. 2941.25. This is a violation of the right against double jeopardy.
>
> **Three:** the Ohio Repeat Offender statutes as imposed are unconstitutional.
>
> **Four:** the sentence imposed I [sic] this matter was clearly excessive and a financial strain on the prison system, especially for the felonious assault and the repeat offender specification.

(Petition, ECF No. 1, PageID 18, 24).

## Analysis

**State Law Claims**

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the

---

[2] The Magistrate Judge notes that Attorney Barthelemy-Smith, who appears here as trial attorney, also represented Rockey in his effort to obtain review by the Supreme Court of Ohio.  See Petition, ECF No. 1, PageID 14.

5

province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

To the extent the Petition presents the question of whether the sentence in this case was imposed in violation of Ohio law governing consecutive sentences, it does not plead a claim cognizable in federal habeas corpus.  The Second District Court of Appeals has determined in this case that the sentence is viable under Ohio law and this Court is bound by that determination. *Bradshaw v. Richey*, 546 U.S. 74 (2005).  Even if both the trial court and the court of appeals violated Ohio law, that would not in itself constitute a violation of the United States Constitution. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993).

**Procedural Default**

To the extent the Petition purports to plead federal constitutional claims, those claims are procedurally defaulted because they were not fairly presented to the Ohio courts.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual

6

> prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine, supra*; *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

Although Rockey presented the four constitutional claims quoted above in his Memorandum in Support of Jurisdiction in the Ohio Supreme Court, that does not constitute fair presentation because these claims were not presented to the Second District. In that court Petitioner relied entirely on his argument that the sentences violated Ohio law as it relates to requiring that sentences be served consecutively. The Supreme Court of Ohio will not ordinarily consider a claim of error that was not raised in any way in the Court of Appeals and was not considered or decided by that court. ¶ 2 of the syllabus in *State v. Williams,* 51 Ohio St. 2d 112

7

(1977)(*Toledo v. Reasonover*, 5 Ohio St. 2d 22 (1965), approved and followed).  This explicitly includes constitutional questions.  *State v. Phillips,* 27 Ohio St. 2d 294 (1971).   This rule is discretionary with the Ohio Supreme Court and not jurisdictional.  That is, that court can disregard a waiver in the Court of Appeals and consider a constitutional question where there is plain error or the rights and interests involved warrant doing so.  *In re M.D.*, 38 Ohio St. 3d 149 (1988)(syllabus).  While the Supreme Court of Ohio did not explain its reason for declining review in this case, it does not ordinarily do so.  Where a state court is entirely silent as to its reasons for denying requested relief, the federal courts assume that the state court would have enforced any applicable procedural bar.  *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004), citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

Because Rockey procedurally defaulted in presenting his constitutional claims to the Ohio courts, he is barred from consideration of those claims on the merits in this case.  He has not offered any excusing cause and prejudice for his default.  If he were to claim ineffective assistance of appellate counsel for failing to present those claims on direct appeal, his ineffective assistance of appellate counsel claim would be barred by his failure to present it first to the Second District in an application for reopening under Ohio R. App.P. 26(B) and his time for presenting such an application has expired.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and

8

that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 20, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

## NOTICE REGARDING RECORD CITATIONS

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule. However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely. For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)." The correct citation would have been Doc. No. 80, PageID 987." Because Defendant added the "#" symbol, the program failed to inset a hyperlink. Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified. **The parties are cautioned to**

**comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**